UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>LSHAWNTUS</small> B<small>ECK</small>,

    Petitioner,

    v.

J<small>OHNATHAN</small> H<small>EMINGWAY</small>[1],

    Respondent.
_____/

Case No. 19-cv-13182

U.S. D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

**I. I<small>NTRODUCTION</small>**

Petitioner Alshawntus Beck has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.  ECF No. 1.  Petitioner is a federal prisoner confined at the Federal Correctional Institution in Milan, Michigan.  He challenges a prison disciplinary proceeding conducted by the Bureau of Prisons ("BOP") that resulted in the loss of 54 days of good conduct time, the forfeiture of 54 days of non-vested good conduct time, loss of privileges, and disciplinary segregation.  *See* ECF No. 1.  Beck claims that the disciplinary proceeding violated his right to due process.  For the reasons stated below, the Court will DENY the petition.

---

[1] The proper respondent for a § 2241 action is "the warden of the facility where the prisoner is being held." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  The warden of Beck's present place of confinement is Jonathan Hemingway. The Court amends the case caption to substitute him as the respondent.

## II. FACTUAL BACKGROUND

Beck is serving a 170-month sentence for wire fraud under 18 U.S.C. § 1343 and possession with intent to distribute a controlled substance under 21 U.S.C. § 841. ECF No. 8-2, PageID.68. The sentence was imposed by the United States District Court for the Northern District of Illinois.

In this habeas proceeding, Beck challenges a prison disciplinary proceeding concerning an incident that occurred while he was confined at the Federal Prison Camp in Yankton, South Dakota ("FPC Yankton"). ECF No. 8-3, PageID.70. On February 5, 2019, James Johnston, an employee at FPC Yankton, filed an incident report charging Petitioner with attempted escape from a non-secure institution, destroying and/or disposing of an item during an attempted search, and refusing to obey a staff member's order. *Id.* The report stated that, on the evening of January 19, 2019, Beck and prisoner Lou Slaughter entered an unauthorized vehicle driven by an unknown outsider and left the facility without permission. *Id.* Staff observed Beck and Slaughter return in the same vehicle almost two hours later. *Id.* As they exited the vehicle, the men were carrying bags "with unknown contraband." *Id.* The men did not follow staff instructions to stop and both men ran towards a housing unit. *Id.* Staff recovered some of the contraband which included Kentucky Fried Chicken, a bottle filled with unidentified liquid, and food from a grocery store. *Id.* The rest of the contents of the bags was never recovered. *Id.*

Beck received a copy of the incident report on February 7, 2019 from the investigating captain, Ernesto Recoder. *Id.* Recoder noted that the report was served more than 24 hours after staff became aware of Beck's involvement in the incident because of "unforeseen institution operations." *Id.* After being advised of his rights, Beck stated: "I am innocent. Those are not my actions. I had a visit on Saturday and never left my unit the rest of the night. I watched the Duke basketball game. There would be no reason for anyone to want me off the compound. I don't know Slaughter." *Id.* Recoder concluded that the evidence supported the allegations and forwarded the incident report to the Unit Discipline Committee for further processing. *Id.*

The Unit Discipline Committee held a hearing on February 8, 2019, during which Beck continued to maintain his innocence. *Id.* The committee referred the incident to a discipline hearing officer (DHO) for further proceedings. *Id.* Beck received written notice of the impending hearing before the DHO and his rights at the hearing on February 8, 2019. ECF No. 8-4, 8-5.

The hearing was conducted on February 14, 2019. ECF No. 8-6. Beck was advised of his rights and denied leaving the facility. *Id.* Lou Slaughter testified as Beck's witness but did not provide a statement favorable to Beck. He told the DHO, "I don't have anything to tell you. I'm clueless." *Id.* at PageID.75. Antoine Matthews, another inmate, testified that he was with Beck in the housing unit on the

night Beck was seen leaving the facility. *Id.* The DHO also considered a statement Lou Slaughter gave prior to the hearing in which he identified Beck as the person who left the prison with him to pick up contraband. ECF No. 8-7, PageID.82. The hearing officer found that the greater weight of the evidence established that Beck committed the charged acts and found Beck guilty of destroying or disposing of an item during a search, attempted escape from a non-secure institution, and refusing to obey an order from a staff member. *Id.* Beck was sanctioned with the loss of 54 days of good-conduct time, forfeiture of 54 days of non-vested good-conduct time, 180 days loss of phone, loss of visiting and commissary privileges, 30 days of disciplinary segregation, and 90 days impoundment of his personal property. *Id.*

Petitioner appealed the decision to the North Central Regional Office. ECF No. 8-7. The appeals administrator denied Beck's appeal because the evidence supported the DHO's decision, Beck's due process rights were protected, and the sanctions imposed were appropriate. *Id.* Beck then appealed to the Central Office, which also denied his appeal. ECF No. 8-8.

Beck then filed this habeas corpus petition under 28 U.S.C. § 2241. He claims that the disciplinary proceeding was fundamentally flawed because he did not have the opportunity to challenge the integrity of the proceedings, the sufficiency of the evidence or the credibility of BOP witnesses in violation of his right to due process. Respondent filed an answer in opposition arguing that the proceedings satisfied due

process requirements and satisfied the sufficiency of the evidence standard applicable to prison disciplinary proceedings.

### III. DISCUSSION

#### A. Petitioner's Motion to File a Reply

As an initial matter, Petitioner filed a motion to file a reply to Respondent's answer in opposition to the petition. ECF No. 9. Shortly after filing this motion, Beck filed a Reply brief that was accepted for filing by the Court. ECF No. 10. The Court will therefore find that Petitioner's motion requesting permission to file the Reply is MOOT [#9].

#### B. Standard of Review

The scope of the Court's review of a prison disciplinary proceeding on habeas review is limited. *See Superintendent, Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 455 (1985). The Court need only determine whether the hearing complied with the basic requirements needed to satisfy due process. *Id.*

When a prisoner faces the loss of good-conduct time, due process requires that he receive: (1) advance "written notice of the claimed violation" at least twenty-four hours before a disciplinary hearing; (2) an opportunity, when consistent with institutional safety, "to call witnesses and present documentary evidence in his defense"; and (3) "a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, there must be only "some evidence" in the record

5

of misconduct to support the actions of a prison disciplinary board. *Hill*, 472 U.S. at 455. Determining whether the "some evidence" standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-46.

### C. Analysis

Beck claims that the BOP violated the requirements set forth in *Wolff* and *Hill* by failing to comply with the notice requirement, failing to review video surveillance footage, and allowing amendment of the DHO report during the administrative remedy appeal. The record shows that Beck's disciplinary proceedings complied with due process requirements.

First, Petitioner argues that he did not receive the incident report until 48 hours after staff became aware of the incident. ECF No. 1, PageID.7-8. Neither the applicable federal regulations nor Supreme Court precedent require an inmate to receive notice within a certain time period after an incident. Instead, an inmate must receive notice twenty-four hours before the disciplinary hearing. *See* 28 C.F.R. § 541.5(a). The record shows that Beck received notice six days prior to his initial hearing before the DHO. ECF No. 8-4, PageID.72. Thus, the notice requirement was satisfied.

Second, Beck claims that his right to due process was violated because he was not afforded access to video surveillance evidence. The DHO report states that Beck did not present any documentary evidence and there is no indication that Beck requested video surveillance footage. ECF No. 8-7, PageID.81-82. Notably, in his appeals from the DHO decision, Beck does not mention video surveillance evidence or any attempt on his part to obtain such evidence. ECF No. 8-7, PageID.85. Moreover, even if Beck requested and was denied video evidence, he was not denied due process under *Wolff* or *Hill*. There is no due process requirement that a DHO consider *all* available evidence. *See Hill*, 472 U.S. at 455-56. There is also no specific requirement that the DHO review video surveillance evidence. *See Harvey v. Wilson*, No. 6:10-CV-235, 2011 WL 1740141, at *10 (E.D. Ky. May 5, 2011) ("[T]he DHO decision not to review video tape evidence does not constitute a denial of due process under *Hill* and *Wolff*."); *see also McKeithan v. Beard,* 322 F. App'x 194, 201 (3d Cir. 2009) ("The videotape and photographs at most constitute potentially exculpatory evidence, which prison officials have no constitutional obligation to preserve or consider."). Beck's due process rights were not violated by the DHO's failure to consider a videotape.

Beck next claims that his due process rights were violated by amendment of the DHO report during the administrative remedy appeal. When Beck appealed the disciplinary action to the BOP's North Central Regional Office, the regional director

7

required the DHO to amend his report to contain the specific evidence the DHO relied upon to support the findings. ECF No. 8-7, PageID.80. In addition to including the specific evidence relied upon, the amended reported deleted the code charging Beck with refusing to obey an order from a staff member and dropped "attempt" from the escape charge to accurately reflect that Beck did in fact escape from the facility. *Id.* at PageID.82. Beck was not prejudiced by the change in the DHO report. The amended report clarified the evidence pursuant to which he was found guilty of misconduct without changing the basis for the DHO's finding. The removal of the charge of refusing to obey an order from a staff member benefitted Beck by reducing the number of charges against him. Finally, deletion of the attempt modification from the escape charge did not materially change the charges against Beck because, pursuant to 28 C.F. R. § 541.3(a), attempting an offense is treated the same as committing the act itself. Beck was provided with adequate notice of the charges against him and the amendment did not alter or increase any sanctions imposed. His due process rights were not violated by the amendment.

Finally, the DHO decision was supported by "some evidence" sufficient to satisfy the threshold requirement. To reach a decision, the DHO relied on staff memoranda, the investigator's report, inmate interviews, and witnesses' statements. Among the evidence considered by the DHO was inmate Slaughter's statement that Beck was in the vehicle and left the prison grounds with him. ECF No. 8-7,

PageID.82. Two other inmates also identified Beck as leaving in the vehicle—one was certain it was Beck, the other was "pretty sure." *Id.* The DHO also considered that staff reported observing the inmates exiting the vehicle with contraband. *Id.* The DHO did not find Beck's assertion that he was innocent to be credible. The relevant question for the Court is "whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455–56. The evidence relied upon by the DHO clearly satisfies the "some evidence" standard in this case.

### IV. CONCLUSION

Accordingly, the petition for a writ of habeas corpus [#1] is **DENIED** and the matter is **DISMISSED WITH PREJUDICE.** Further, the Court finds that Petitioner's motion to file reply brief [#9] is **MOOT**.

**IT IS SO ORDERED.**

s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: July 29, 2020

### CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
July 29, 2020, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager